# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20313
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN CARLOS RIOS-GARCIA, also known as Juan Carlos Rios, also known
as Juan Carlos Garcia, also known as Juan Carlos Rios Garcia, also known as
Carlos Rios Garcia,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-671-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Juan Carlos Rios-Garcia challenges his within-Guidelines sentence of,
*inter alia,* 51 months' imprisonment, imposed following his guilty-plea
conviction for illegal reentry following deportation, in violation of 8 U.S.C.
§ 1326. Similar to his objection in district court, Rios claims, in the light of his
mental illness, the district court clearly erred by applying a two-level

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

sentencing enhancement for obstruction of justice, resulting in an unreasonable sentence. *See* U.S.S.G. § 3C1.1 (obstructing or impeding the administration of justice).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "A finding of obstruction of justice under [Guideline] § 3C1.1 is a factual finding reviewed for clear error". *United States v. Martinez*, 263 F.3d 436, 441 (5th Cir. 2001) (citation and internal quotation marks omitted).

The district court imposed an upward adjustment pursuant to Guideline § 3C1.1 because Rios told Immigration and Customs Enforcement officials he was a United States citizen by virtue of being born at an identified hospital in Texas. This assertion is material because it bears upon the issue of citizenship, which is central to an illegal-reentry prosecution. *See* U.S.S.G. § 3C1.1, cmt. n.6 (defining "material"); 8 U.S.C. §§ 1101(a)(3) (defining "alien"), 1326 (reentry of removed aliens); *see, e.g.*, *United States v. Jara-Favela*, 686 F.3d 289, 302 (5th Cir. 2012) (providing elements to prove illegal reentry); *United States v. Mann*, 493 F.3d 484, 498 (5th Cir. 2007) (applying obstruction enhancement). Therefore, the district court properly considered Rios' false claim of citizenship as material for purposes of Guideline § 3C1.1.

The district court did not clearly err either in concluding Rios willfully attempted to mislead officials as to his citizenship or in applying the sentencing enhancement. Rios erroneously asserts the psychiatrist's report

concludes he was incapable of willfully misleading officials due to his mental disorder. The psychiatrist's report notes "the likelihood" that Rios knew he was lying when he asserted he was a United States citizen. The record does not show clear error in connection with the imposition of the challenged adjustment. *See Martinez*, 263 F.3d at 441.

Rios' claim that his sentence was unreasonable, due to the claimed procedural error, fails because, as discussed above, there was no such error.

AFFIRMED.